Jason A. Geller (CA SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
E-Mail: jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 490-9000
Fax: (415) 490-9001

Attorneys for Defendants
WAL-MART ASSOCIATES, INC., and
WALMART INC. (f/k/a Wal-Mart Stores, Inc.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI MONTOYA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>*[Removed from Tulare County Superior Court, Case No. VCU324208]*<br><br>**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446**<br><br>Complaint Filed: July 25, 2025<br>Trial Date:       Not set |

## <u>TABLE OF CONTENTS</u>

**Page No.**

I.      NOTICE OF REMOVAL ................................................................................. 6

II.     BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP ........................................... 6

III.    AMOUNT IN CONTROVERSY ....................................................................... 7

IV.     VENUE ..................................................................................................... 13

V.      INTRA-DISTRICT ASSIGNMENT ................................................................ 13

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page No(s).**

*Alvarado v. Fed. Express Corp.,*
   No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) ...................................... 13

*Castanon v. Int'l Paper Co.,*
   No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) .................................... 9

*Chavez v. JPMorgan Chase & Co.,*
   888 F.3d 413, 416 (9th Cir. 2018) ................................................................................................ 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S.Ct. 547, 554 (2014)............................................................................................................. 7

*Diaz v. Grill Concepts Services, Inc*.
   23 Cal.App.5th 859, 867 (2018) ................................................................................................. 10

*Emrich v. Touche Ross & Co.,*
   846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ..................................................................................... 7

*Fritsch v. Swift Transp. Co. of Arizona, LLC,*
   899 F.3d 785, 794 (9th Cir. 2018) ............................................................................................. 12

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150, 1155–56 (9th Cir. 1998) ............................................................................... 8, 12

*Glenn-Davis v. City of Oakland*,
   No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) ...................................... 11

*Gonzales v. CarMax Auto Superstores, LLC*,
   840 F.3d 644, 648–49 (9th Cir. 2016) ......................................................................................... 8

*Guglielmino v. McKee Foods Corp.,*
   506 F.3d 696, 700 (9th Cir. 2007) ............................................................................................. 12

*Haase v. Aerodynamics, Inc.,*
   No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) ................ 12

*Harvey v. Sybase, Inc.,*
   76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008)........................................................................ 13

*Hunio v. Tishman Const. Corp. of Cal.,*
   18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993).................................................................. 13

*Iwekaogwu v. City of Los Angeles,*
   75 Cal. App. 4th 803, 821 (1999) ............................................................................................... 11

*Kelly-Zurian v. Wohl Shoe Co.,*
   22 Cal. App. 4th 397, 410 (1994) ............................................................................................... 11

*Korn v. Polo Ralph Lauren*,
   536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ............................................................................. 8

3

FP 56403533.1

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976, 980 (9th Cir. 2005) ................................................................... 9, 10

*Lave v Charter Commc'ns, LLC*,
    No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) ............ 11

*Muniz v. Pilot Travel Centers LLC*,
    2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) ............................................. 8

*McCraw v. Lyons*,
    863 F. Supp. 430, 434 (W.D. Ky. 1994) ....................................................... 8

*Parker-Williams v. Charles Tini & Associates, Inc.*,
    53 F.Supp.3d 149, 152 (D.D.C. 2014) ......................................................... 8

*Rodriguez v. Home Depot, USA, Inc.*,
    No. 16-CV01945-JCS, 2016 WL 3902838 *5-7 (N.D. Cal. July 19, 2016) ........... 9, 10, 11, 12

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398, 404 (9th Cir. 1996) ............................................................... 8

Saulic v. Symantec Corp.,
    No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ............ 10

*Saulic v. Symantec Corp.*,
    No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007) ................ 8

*Simmons v. PCR Tech.*,
    209 F. Supp. 2d 1029 (2002) .............................................................. 9, 10, 12

*Singer v. State Farm Mut. Auto. Ins.
    Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ....................................................... 8

*Velez v. Roche*,
    335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ................................................ 10

*Weeks v. Baker & McKenzie*,
    63 Cal. App. 4th 1128, 1137 (1998) ........................................................... 13

*Zanone v. City of Whittier*,
    162 Cal. App. 4th 174, 183, 185 (2008) ...................................................... 11

**Statutes**

28 U.S.C. § 1332 ..................................................................................... 6

28 U.S.C. § 1332(a) ............................................................................ 6, 7, 12

28 U.S.C. § 1391(a)(2) ............................................................................ 13

28 U.S.C. § 1441 ................................................................................... 6

28 U.S.C. § 1441(a) ........................................................................... 6, 13

28 U.S.C. § 1446(b) ............................................................................... 7

4

28 U.S.C. § 1441(b)(1) ................................................................................................ 7

28 U.S.C. § 1446(d) ..................................................................................................... 13

Cal. Labor Code §§ 201 and 203 ................................................................................. 10

Cal. Labor Code § 1102.5 ...................................................................................... 11, 13

Cal. Labor Code § 1102.5(f) ....................................................................................... 10

Cal. Labor Code § 1102.5(j) ....................................................................................... 12

**Rules**

L.R. 120(d) ......................................................................................................... 6, 13, 14

Rule 11 of the Federal Rules of Civil Procedure ....................................................... 14

FP 56403533.1

## I.     NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendants WAL-MART ASSOCIATES, INC., and WALMART INC. [1] (collectively "Defendants"), by and through their attorneys of record, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Tulare, to the United States District Court for the Eastern District of California, on the following grounds:

## II.     BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

1.     On July 25, 2025, Plaintiff Dimitri Montoya filed a Complaint in the Superior Court of the State of California in and for the County of Tulare styled *Dimitri Montoya v. Wal-Mart Associates, Inc., et al.,* Case No. VCU324208.

2.     Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3.     Pursuant to 28 U.S.C. section 1332, the United States District Court for the Eastern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Tulare County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

4.     A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Tulare, along with a copy of the Summons and all other materials served on Defendants by Plaintiff are attached hereto as Exhibit 1.  A copy of the Answer to the Complaint filed by Defendants on August 28, 2025, is attached hereto as Exhibit 2.  Defendants are informed and believe that the documents provided in Exhibits 1 and 2 hereto constitute the operative pleadings in the state court case file in this matter.

5.     Wal-Mart Associates, Inc., is a Delaware corporation, with its principal place of business in Arkansas.  (Declaration of Juan C. Araneda ("Araneda Decl."), ¶2, Exh. A.) Wal-Mart Associates,

---

[1] Wal-Mart Stores, Inc., changed its name to Walmart Inc., effective February 1, 2018.

FP 56403533.1

1  Inc., maintains its executive office in Arkansas, and the management of Wal-Mart Associates, Inc.'s

2  operations and finances is performed in Arkansas.  (Araneda Decl. Exh. A.)

3        6.     Walmart Inc., is a Delaware corporation, with its principal place of business in Arkansas.

4  (Araneda Decl., ¶3, Exh. B.)  Walmart maintains its executive office in Arkansas, and the management

5  of Walmart's operations and finances is performed in Arkansas.  (Araneda Decl. Exh. B.)

6        7.     The defendants designated Does 1 through 50 in Plaintiff's Complaint are fictitious

7  defendants and have not been served to Defendants' knowledge.  (Exhibit 1: Complaint, ¶7.)  Un-served

8  defendants need not join in the notice of removal.  *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190,

9  1193 n.1 (9th Cir. 1988).  Additionally, the citizenship of fictitious defendants is disregarded for purposes

10  of removal.  28 U.S.C. § 1441(b)(1).

11        8.     Plaintiff is a citizen of California.  (Exhibit 1: Complaint, ¶1.)  Accordingly, this action

12  is between citizens of different states, specifically California and Arkansas/Delaware.  This complete

13  diversity of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this

14  removal.

15        9.     As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after

16  Defendants were served with the Summons and Complaint.  Specifically, on August 4, 2025, Plaintiff

17  served his Complaint upon the agent for service of process (CT Corporation) in California for Walmart

18  and Wal-Mart Associates, Inc.  (Araneda Decl., ¶4, Exh. C.)

19              **III.    AMOUNT IN CONTROVERSY**

20        10.    Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in

21  controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

22        11.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.

23  Indeed, when seeking removal of a state action to federal court based on diversity jurisdiction, "a

24  defendant's notice of removal need include only a plausible allegation that the amount in controversy

25  exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547,

26  554 (2014).  The failure of the Complaint to specify the total amount of damages or other monetary relief

27  sought by Plaintiff does not deprive this Court of jurisdiction.  *See, e.g., Saulic v. Symantec Corp.*,

28

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S NOTICE AND PETITION OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446

FP 56403533.1

No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

12. Where, as here, a complaint does not state the amount in controversy, removal is proper if the Court finds by a preponderance of evidence that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416. The allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

13. While Defendants deny any liability as to Plaintiff's claims, Defendants can satisfy their burden of showing that the jurisdiction threshold of $75,000 is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, removing defendants are not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

FP 56403533.1

14.     Though Defendants deny that Plaintiff is entitled to any damages, Plaintiff seeks (1) compensatory damages, including lost wages, earnings and benefits; (2) emotional distress damages; (3) unpaid wages, premiums and statutory penalties; (4) equitable relief; (5) punitive damages; (6) declaratory judgment; (7) interest; (8) attorneys' fees; (9) costs of suit; and (10) further legal and equitable relief the Court deems just and proper. (*See* Complaint, Prayer for Relief ¶¶ 1-9.)  California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims.  *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 *5-7 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination, retaliation and wrongful termination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

15.     Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a.     **Plaintiff's Lost Wages.**  Plaintiff alleges that as a result of Defendants' conduct, he suffered a "substantial losses in earnings" (Exhibit 1: Complaint at ¶¶37, 52, 68, 80, 96, 106, 118, 128).  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy).  Here, Plaintiff's employment ended on July 27, 2023. (Exhibit 1: Complaint at ¶¶18, 25.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss based on the current California minimum wage rate of $16.50 per hour, and not taking into account alleged lost benefits, at the time of removal is $71,940.00 ($16.50 per hour x 40 hours per week x 109 weeks since termination).  Of course, this amount does not take into account any alleged future lost wages.

b.     **Plaintiff's Claims for California Labor Code Violation Penalties**. "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil

FP 56403533.1

penalties available to plaintiff." *Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007).

Here, Plaintiff asserts a Seventh Cause of Action under California Labor Code section 1102.5 for purported retaliation. (Exhibit 1: Complaint ¶¶110-120.) Section 1102.5 provides as remedies a penalty of up to $10,000.00. (Cal. Labor Code §1102.5(f).)

Plaintiff also asserts a Tenth Cause of Action under California Labor Code sections 201 and 203 for a purported failure to timely pay earned wages upon separation of employment. (Exhibit 1: Complaint ¶¶137-141.)  "Labor Code section 203 empowers a court to award 'an employee who is discharged or who quits' a penalty equal to up to 30 days' worth of the employee's wages '[i]f an employer willfully fails to pay' the employee his full wages immediately (if discharged) or within 72 hours (if he or she quits)." *Diaz v. Grill Concepts Services, Inc*. 23 Cal.App.5th 859, 867 (2018). As such, Plaintiff's damages under his California Labor Code section 203 claim could amount to $3,960.00 ($16.50 per hour x 8 hours per day x 30 days).

Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages are added to a potential recovery of penalties under the California Labor Code.

c.     **Plaintiff's General Damages for Emotional Distress.**  Plaintiff alleges that, as a result of Defendants' alleged conduct toward him, he has suffered "emotional distress." (Exhibit 1: Complaint at ¶¶ 38, 53, 69, 81, 97, 107, 118, 129.)  The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske*, 432 F.3d at 980 ("[T]he district court properly considered...emotional distress damage awards in similar age discrimination cases"); *Rodriguez,* 2016 WL 3902838, at *5.  Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *See Simmons*, 209 F. Supp. 2d at 1033.  California cases alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000.  *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered

depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for discrimination and retaliation claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination and wrongful discharge case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Plaintiff's claim for emotional distress injuries plausibly establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *5 (amount in controversy was established in case asserting claims for wrongful termination, violation of California Labor Code sections 1102.5 and 6310 claiming emotional distress because emotional distress damages in similar cases have been substantial). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages and California Labor Code penalties are added to a potential recovery of emotional distress damages of at least $75,000.

d.    **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. (Exhibit 1: Complaint at ¶¶ 40, 55, 71, 83, 99, 109, 120, 136, 147, Prayer for Relief.) Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona,*

*LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Under California Labor Code section 1102.5(j), "[t]he court is authorized to award reasonable attorneys' fees to a plaintiff who brings a successful action for a violation of [its] provisions."  Defendants anticipate that depositions will be taken in this case and that Defendants will ultimately file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment cases generally will exceed $50,000, and will often exceed $100,000.  Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum.  *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum.").  Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial.  Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, California Labor Code penalties, emotional distress damages, and potential attorneys' fee award.

     e.    **Plaintiff's Claimed Punitive Damages.**  Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that "Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights"  (Exhibit 1: Complaint at ¶¶ 39, 54, 70, 82, 98, 108, 119, 130, Prayer for Relief.)  Employment cases in California have resulted in punitive damages awards exceeding $75,000.  *See Rodriguez*, 2016 WL 3902838, at *5-6 ("[p]unitive damages are available for common law claims for wrongful termination in violation of public

policy and violations of labor Code section 1102.5"); *Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in a discrimination case under the Fair Employment and Housing Act ("FEHA")); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim plausibly establishes the amount in controversy.

16.    Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## IV.    VENUE

17.    This action is now pending in Superior Court of the State of California, County of Tulare, and thus may be properly removed to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. section 1441(a). *See also* L.R. 120(d).

18.    As required by 28 U.S.C. section 1446(d), promptly after filing of this Notice and Petition of Removal, Defendants will file in the Superior Court of the State of California, County of Tulare, a pleading entitled Notice of Filing of Notice of Removal, with a copy of this Notice and Petition of Removal attached thereto. Further, Defendants have served upon Plaintiff a copy of this Notice and Petition of Removal and will promptly serve upon Plaintiff a copy of Defendants' Notice of Filing of Notice and Petition of Removal.

## V.    INTRA-DISTRICT ASSIGNMENT

Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States District Court for the Eastern District of California, sitting in Fresno, because a substantial part of the alleged events giving

13

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446

FP 56403533.1

1   rise to the claims in this lawsuit occurred in the County of Tulare, and this is an action arising in Tulare

2   County. *See* L.R. 120(d).

3       19.     This Notice and Petition of Removal of Action is executed pursuant to Rule 11 of the

4   Federal Rules of Civil Procedure.

6   DATE:  September 2, 2025                     FISHER & PHILLIPS LLP

8                                        By: */s/ Juan C. Araneda*
                                             Juan C. Araneda
                                             Attorneys for Defendants
9                                            WAL-MART ASSOCIATES, INC., and
                                             WALMART INC.

FP 56403533.1

# Exhibit  1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIMITRI MONTOYA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Tulare - Visalia County Civic Center
221 S. Mooney Blvd., Visalia, CA 93291

CASE NUMBER: *(Número del Caso):*
VCU324208

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

DATE:
*(Fecha)* 07/25/2025

Stephanie Cameron

Clerk, by
*(Secretario)* _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WAL-MART ASSOCIATES, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SONIC LEGAL SERVI
2023001643
2025/08/04 09:29:

Gary M Johnson
Judicial Officer, Assigned for All Purposes

1   S. Sean Shahabi (SBN 204710)
2   Jonathan N. Ebneyamin (SBN 334983)
    **JAURIGUE LAW GROUP**
3   300 West Glenoaks Boulevard, Suite 300
    Glendale, California 91202
4   Telephone:  818.630.7280
    Facsimile:  888.879.1697
5   service@jlglawyers.com
    sean@jlglawyers.com
6   jebneyamin@jlglawyers.com

7   *Attorneys for Plaintiff*
    DIMITRI MONTOYA

ELECTRONICALLY FILED
Superior Court of California,
County of Tulare
07/25/2025
By: Leticia Hernandez-Sandoval,
Deputy Clerk

## Case Management Conference

12/03/2025 08:30 AM - Department 07

**To obtain an ADR packet please visit the court's website.**
https://www.tulare.courts.ca.gov/divisions/civil

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                       **COUNTY OF TULARE**

10  DIMITRI MONTOYA, an individual            Case No. VCU324208

11          Plaintiff,                        **COMPLAINT**

12      v.                                    1.  Discrimination in Violation of Cal. Gov. Code.
                                                  § 12900 et seq. ("FEHA")
13  WAL-MART ASSOCIATES, INC., a Delaware     2.  Failure to Provide Reasonable
    Corporation; WAL-MART STORES, INC., a         Accommodations in Violation of FEHA
14  Delaware Corporation; and DOES 1 through 50,  3.  Failure to Engage in Good Faith Interactive
    inclusive,                                     Process in Violation of FEHA
15
            Defendants.                       4.  Retaliation in Violation of FEHA under 12940
16                                                (h)
                                              5.  Retaliation in Violation of FEHA under
17                                                12940(m)(2)
18                                            6.  Failure to Prevent Discrimination and
                                                  Retaliation in Violation of FEHA
19                                            7.  Retaliation for Reporting Illegal Violation,
20                                                Cal. Lab. Code § 1102.5(b)
                                              8.  Wrongful Termination in Violation of Public
21                                                Policy
22                                            9.  Failure to Authorize or Permit Rest Periods
                                              10. Failure to Timely Pay Final Wages
23                                            11. Unfair Competition, Cal. Bus. & Prof. Code, §
24                                                17200 et seq.

25
                                              **DEMAND FOR JURY TRIAL**
26

27

28

                            **1**
                        **COMPLAINT**

COMES NOW Plaintiff DIMITRI MONTOYA (hereinafter, referred to as "Plaintiff"), individually, brings this action against Defendant WAL-MART ASSOCIATES, INC., WAL-MART STORES, INC., and DOES 1 through 50, inclusive (hereinafter, referred to collectively as "Defendants") as follows:

### PARTIES

1.      Plaintiff is, and at all times relevant to this action was, a resident of Tulare County, California.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant WAL-MART ASSOCIATES, INC. is a stock corporation organized under the laws of the State of Delaware.

3.      Plaintiff is informed and believes, and based thereon alleges, Defendant WAL-MART ASSOCIATES, INC. at all times relevant herein, was and is conducting business in the state of California.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendant WAL-MART STORES, INC., is a stock corporation organized under the laws of the State of Delaware.

5.      Plaintiff is informed and believes, and based thereon alleges, Defendant WAL-MART STORES, INC., at all times relevant herein, was and is conducting business in the state of California.

6.      At all times relevant herein, Plaintiff was employed by Defendants in the County of Tulare at 1110 E Prosperity Ave, Tulare, CA 93274.

7.      Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

8.      Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

9.      Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of

the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business was conducted.

10.     Plaintiff is further informed and believes and thereon alleges that all Defendants acted pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things alleged herein.

11.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

### *JURISDICTION AND VENUE*

12.     The amount of damages sought herein is greater than $35,000; hence this case is within the unlimited jurisdiction of this Court.

13.     At all times relevant herein, Plaintiff was a resident of the County of Tulare, California.

14.     This Court has jurisdiction over Defendant WAL-MART ASSOCIATES, INC. because at all times relevant, it is and was authorized to transact, and is transacting business in Tulare County, California.

15.     This Court has jurisdiction over Defendant WAL-MART STORES, INC. because at all times relevant, it is and was authorized to transact, and is transacting business in Tulare County, California.

16.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Tulare County, California.

17.     Plaintiff has exhausted all of the administrative requirements for proceeding with his claims under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, et seq. (the "FEHA") by timely filing an administrative complaint against Defendants with the California Civil Rights

Department ("CRD") on or around July 25, 2025, and receiving a Notice of Case Closure/Right-to-Sue Letter dated July 25, 2025.  Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's CRD administrative complaint. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's CRD Notice of Case Closure/Right-to-Sue letter.

### *GENERAL ALLEGATIONS*

18.    By way of background, Defendants employed Plaintiff in the position of Front-End Team Lead in or around October 27, 2016, to July 27, 2023. Plaintiff has ulcerative colitis, a medical condition that causes weakness and lack of focus from an inability to eat or drink, which Defendants were aware of.

19.    Throughout the course of his employment, Plaintiff did not receive uninterrupted rest breaks as required by law, missing most of them throughout the week due to the high demand of his position and fear of retaliation for taking breaks.

20.    Plaintiff was also subject to a hostile work environment, including harassment from female associates in his department. The harassment included stealing and hiding Plaintiff's work uniform and supplies, taking his military photo down from the wall highlighting service members, and making false accusations that Plaintiff "stood too close to them," subjecting him to a baseless HR investigation.

21.    The harassment culminated in or around April 6, 2023, when a gang-affiliated boyfriend of one of the associates, Jasmine Ferrera, threatened him at work. Despite reporting this to a supervisor, the Defendants' Ethics Department, and the police, no investigation was conducted and no subsequent action was taken. Subsequently, Plaintiff faced further harassment from the Store Manager, James [Last Name Unknown] (hereinafter, "James"), who mocked him by sneaking up behind him and pretending to be the gang member. Plaintiff also reported this incident to Ethics Department, but once again no action was taken.

22.    Towards the end of April 2023, Plaintiff transferred to a new department due to the incessant harassment with no resolution provided by the store. He requested training at another store due to continued harassment, but was denied by his supervisor, Helio Andrade (hereinafter "Andrade"), who found the request disrespectful despite past precedents of Defendants accommodating other employees' requests under similar circumstances.

23.    During this period, Plaintiff experienced a severe flare-up of his condition due to

workplace stress, leading to significant weight loss, vomiting, and hospitalization. On or around June 22, 2023, Plaintiff filed a claim with Sedgwick Leave Management in order to take a medical leave. Because of his critical health condition and need for medical leave, Plaintiff had planned to take a full 90 days to recover, but was harassed by Andrade, to return to work early after only around 20 days, negatively impacting Plaintiff's recovery.

24.     On or around July 12, 2023 Plaintiff noticed his military service picture was once again removed from the wall which he reported to management but received dismissive responses.

25.     Shortly thereafter, on or around July 24, 2024, Plaintiff encountered a counterfeit bill but lacked proper training on how to handle it. Despite seeking guidance from available supervisors, he was terminated on July 27, 2023, for a supposed handling error related to this incident, which was in fact the responsibility of another supervisor, Mike [Last Name Unknown].

26.     On or around July 29, 2024, Plaintiff filed a complaint with ethics regarding his wrongful termination and harassment but was directed back to the Store Manager James, without resolution.

27.     As a result of Defendant's actions, Plaintiff has suffered a great deal of emotional distress.

### *FIRST CAUSE OF ACTION*

*Discrimination in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

28.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

29.     The FEHA makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

30.     At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

31.     Defendants employed Plaintiff.

32.     Plaintiff's protected status under the FEHA is Plaintiff's disability.

33.     Defendants knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

34.     On or about July 27, 2023, Defendants terminated Plaintiff's employment.

35.    Plaintiff was discharged in violation of the FEHA by Defendants due to Plaintiff's disability.

36.    Plaintiff's disability was a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.

37.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

38.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

39.    The conduct of Defendants and each of them as described above were malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

40.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

*Failure to Provide Reasonable Accommodations in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

41.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

42.    Government Code section 12940(m)(1) provides in relevant part:

It is an unlawful employment practice. . . (m)(1) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

/ / /

**6**

**COMPLAINT**

43.    California Code of Regulations, Title 2 section 11068 provides in relevant part:

(a) Affirmative Duty. An employer or other covered entity has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship.
. . .
(e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

44.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

45.    Defendants employed Plaintiff.

46.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

47.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

48.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disability so that he would be able to perform the essential job requirements.

49.    Defendants refused to provide reasonable accommodations to Plaintiff. Instead, Defendants terminated Plaintiff.

50.    Plaintiff suffered harm when he was denied a reasonable accommodation by Defendants.

51.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

52.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

53.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered

humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

54.    The conduct of Defendants and each of them as described above were malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agent and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

55.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

*Failure to Engage in Good Faith Interactive Process in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

56.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

57.    Government Code section 12940(n) provides in relevant part:

> It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

58.    California Code of Regulations Title 2 section 11069 provides in relevant part:

> (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the process.

59.     At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

60.     Defendants employed Plaintiff.

61.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

62.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

63.     Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disabilities so that he would be able to perform the essential job requirements.

64.     Defendants refused to provide a reasonable accommodation to Plaintiff and failed to engage in a good faith interactive process.

65.     At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements.

66.     Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process with Plaintiff.

67.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

68.     As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

69.     As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

70.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

71.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

*Retaliation in Violation of FEHA, Cal. Gov't Code § 12940(h)*

*(On Behalf of Plaintiff Against All Defendants)*

72.     Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

73.     Section 12940(h) of the FEHA prohibits an employer from discriminating against or retaliating against an employee for opposing any practice forbidden by the FEHA or because the person has made a complaint about conduct perceived to be a violation of the FEHA.

74.     Defendants are employers bound by FEHA.

75.     Defendants employed Plaintiff.

76.     Plaintiff complained to Defendants regarding the discriminatory and harassing conduct he was subjected to.

77.     Plaintiff is informed and believes and based thereon alleges that Plaintiff's complaints were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment.

78.     Plaintiff is informed and believes and based thereon alleges that the decision to terminate Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were conscious of Plaintiff's complaints and rights under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. Defendants' disregard of Plaintiff's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

79.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

80.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

81.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

82.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

83.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

*Retaliation in Violation of FEHA, Cal. Gov't Code §12940(m)(2)*

*(On Behalf of Plaintiff Against All Defendants)*

84.     Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

85.     FEHA prohibits an employer from discriminating against or retaliating against an employee for requesting accommodations for a disability.

86.     Defendants are employers bound by FEHA.

87.     Defendants employed Plaintiff.

88.     During Plaintiff's employment with Defendants, Plaintiff suffered from disabilities and requested accommodation as described herein.

89.     Plaintiff's disability limited Plaintiff's ability to participate in major life activities, including work.  Plaintiff was able to perform Plaintiff's essential job duties with reasonable accommodation(s) for Plaintiff's disability.

90.     Defendants knew that Plaintiff had a disability, which limited major life activities, including work, and/or treated Plaintiff as if Plaintiff had a disability which limited major life activities,

1    including work.

2        91.    Plaintiff requested reasonable accommodations for his/ disabilities, including but not

3    limited to work restrictions and time off from work.

4        92.    In violation of the FEHA, Defendants retaliated against Plaintiff because of Plaintiff's

5    requests for reasonable accommodation. On or about July 27, 2023, Defendants terminated Plaintiff's

6    employment.

7        93.    Plaintiff is informed and believes and based thereon alleges that Plaintiff's requests for

8    reasonable accommodation(s) were substantial motivating factors in Defendants' decision to terminate

9    Plaintiff's employment.

10       94.    Plaintiff is informed and believes and based thereon alleges that the decision to terminate

11   Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were

12   conscious of Plaintiff's right to accommodations in Plaintiff's employment under the FEHA, but

13   disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's

14   employment. Defendants' disregard of Plaintiff's statutory rights is in violation of statute and public

15   policy and would be looked down on and despised by reasonable persons.

16       95.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

17       96.    As a direct and proximate result of the aforementioned adverse employment actions by

18   Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings

19   and other employment benefits in an amount according to proof at trial.

20       97.    As a direct and proximate result of the aforementioned adverse employment actions by

21   Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish,

22   all to Plaintiff's damage in an amount according to proof at trial.

23       98.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

24   or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each

25   of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and

26   ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against

27   each of said Defendants.

28       99.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

*Failure to Prevent Discrimination and Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

100.    Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

101.    Government Code section 12940(k) provides in relevant part:

> It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination[,] harassment [and/or retaliation] from occurring.

102.    Further, under applicable law, in addition to discrimination and harassment, retaliation is conduct forbidden by the FEHA and actionable under Government Code section 12940(k). *See*, *Taylor v. City of Los Angeles Dept. of Water & Power* (2006)144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158.

103.    Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation.

104.    Plaintiff suffered and continues to suffer harm as a result of Defendants' failure to prevent discrimination and retaliation.

105.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

106.    As a direct and proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

107.    As a direct and proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

108.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

109.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### *SEVENTH CAUSE OF ACTION*

*Retaliation for Reporting Illegal Violation, Cal. Lab. Code § 1102.5(b)*

*(On Behalf of Plaintiff Against All Defendants)*

110.    Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

111.    Labor Code section 1102.5(b) provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

112.    Defendants employed Plaintiff.

113.    Plaintiff complained to Defendants regarding certain practices by Defendants that Plaintiff reasonably believed were unlawful.

114.    Plaintiff complained about those perceived illegal violations to persons with authority over Plaintiff and other employees of Defendants that had the authority to investigate, discover, or correct those illegal violations.

115.    As a result of the foregoing complaints by Plaintiff, Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived

1 | unlawful practices.

2 |       116.    Plaintiff was harmed.

3 |       117.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

4 |       118.    As a proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel, all to Plaintiff's damage in an amount according to proof at trial.

      119.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

      120.    California Labor Code section 1102.5(j) permits the court to award reasonable attorneys' fees to a prevailing Plaintiff. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

### EIGHTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy (Tameny)*

*(On Behalf of Plaintiff Against All Defendants)*

      121.    Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

      122.    Plaintiff's termination violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of retaliation.

      123.    Defendants employed Plaintiff.

      124.    Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy.

      125.    Plaintiff was harmed.

      126.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

      127.    In doing the acts described herein, Defendants deprived Plaintiff of prospective career and

employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

128.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

129.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

130.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### NINTH CAUSE OF ACTION

*Failure to Authorize or Permit Compliant Rest Periods or Compensation in Lieu Thereof*

*Cal. Lab. Code § 226.7 and the Applicable Wage Order*

*(On Behalf of Plaintiff Against All Defendants)*

131.    Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

132.    California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…." Wage Order 4, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Super. Ct. (Hohnbaum*) (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc*. (2016) 2 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id*. If an employer fails to provide an employee a rest period in accordance with the applicable

provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 4, §12; Labor Code §226.7.

133.    Throughout Plaintiff's employment, Plaintiff worked as a non-exempt employee for Defendants, covered by Labor Code section 226.7 and the applicable Wage Order.

134.    Plaintiff did not take any required rest periods, and was never given regular uninterrupted rest periods.

135.    Similarly, Defendants failed to pay Plaintiff one (1) hour of pay at Plaintiff's regular rate of pay for each workday Plaintiff did not receive all legally required and/or legally compliant rest periods.

136.    Pursuant to Labor Code section 226.7 and the applicable Wage Order Defendants are liable to Plaintiff for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and/or legally compliant rest periods plus pre-judgment interest.  Pursuant to Labor Code section 218.5, Plaintiff is entitled to recover attorneys' fees and costs for Defendants failure to provide compliant rest periods or compensation in lieu thereof.

### TENTH CAUSE OF ACTION

*Waiting Time Penalties for Failure to Timely Pay Final Wages*

*Cal. Lab. Code §§ 201 and 203*

*(On Behalf of Plaintiff Against All Defendants)*

137.    Plaintiff incorporates by reference all preceding allegation as if fully set forth herein.

138.    Labor Code section 201 provides, in pertinent part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." (Cal. Lab. Code § 201(a).)

139.    Labor Code section 203(a) provides in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [s]ections 201 . . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

140.    Defendants terminated Plaintiff's employment, but willfully refused to perform their

obligations to timely pay Plaintiff all earned and unpaid wages owed at the time of termination in violation of Labor Code section 201.

141.    As a result of Defendants' conduct, Plaintiff has suffered damages and is, therefore, entitled to waiting time penalties at Plaintiff's regular wage rate from the due date thereof (the date of termination) until all wages are paid or an action is commenced, up to a maximum of thirty (30) days, all subject to proof and pursuant to Labor Code section 203.

### ELEVENTH CAUSE OF ACTION

*Unfair Competition*

*Cal. Bus. & Prof. Code § 17200 et seq.*

*(On Behalf of Plaintiff Against All Defendants)*

142.    Plaintiff incorporates by reference all preceding allegation as if fully set forth herein.

143.    California law prohibits  unfair competition and illegal business practices. The law describes "unfair competition" as any unlawful, unfair, or fraudulent business act or practice, or false, deceptive, or misleading advertising. See Cal Bus. & Prof. Code § 17200 et seq.

144.    As alleged above, Defendants have failed to provide Plaintiff compliant meal periods and/or rest breaks or compensation in lieu thereof and failed to pay all earned and unpaid wages due at termination in violation of the California Labor Code, as alleged hereinabove.

145.    On information and belief, by violating the provisions of the Labor Code and Wage Orders, Defendants have gained a competitive advantage and unfairly injured competitors in violation of California Business & Professions Code section 17203.

146.    The victims of these unfair and illegal business practices include, but are not limited to Plaintiff, Defendants' other employees, competing businesses, and the general public.  Plaintiff is informed and believes, and based thereon alleges, Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage.

147.    Plaintiff's efforts in securing the requested relief will result ''in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5. Because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fees] award

appropriate, and [because attorney's fees] should not in the interest of justice be paid out of the recover, if any," Plaintiff requests an award of reasonable attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure. *Id.*

148.    Pursuant to Business and Professions Code section 17203, Plaintiff requests restitution and disgorgement of wages and premiums wrongfully retained by Defendants in violation of Business and Professions Code sections 17200 *et seq.*

***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff respectfully requests the following relief:

1.    For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;

2.    For an award of unpaid wages, unpaid premiums, and statutory penalties, according to proof as allowed by law;

3.    Equitable relief including, but not limited to, reinstatement and restitution;

4.    For an award of punitive damages as allowed by law;

5.    For a declaratory judgment that Defendants has violated California public policy;

6.    For an award of prejudgment and post-judgment interest;

7.    For an award of reasonable attorneys' fees;

8.    For all costs of suit; and

9.    For an award of any other and further legal and equitable relief as the Court deems just and proper.

Dated: July 25, 2025                                **JAURIGUE LAW GROUP**

*Jonathan Ebneyamin*

S. Sean Shahabi, Esq.
Jonathan N. Ebneyamin, Esq.
*Attorneys for Plaintiff*
DIMITRI MONTOYA

**19**

**COMPLAINT**

1

### *DEMAND FOR JURY TRIAL*

2          Plaintiff requests a trial by jury as to all causes of action.

3

4    Dated: July 25, 2025                          **JAURIGUE LAW GROUP**

5

6                                                  *Jonathan Ebneyamin*
                                                   _____
7                                                  S. Sean Shahabi, Esq.
                                                   Jonathan N. Ebneyamin, Esq.
8                                                  *Attorney for Plaintiff*
                                                   DIMITRI MONTOYA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Dimitri Montoya                                                    CRD No. 202507-30455725

Complainant,

vs.

WAL-MART ASSOCIATES, INC.
1110 E Prosperity Ave
Tulare, CA 93274

WAL-MART STORES, INC.
1110 E Prosperity Ave
Tulare, CA 93274

Respondents

---

**1.** Respondent **WAL-MART ASSOCIATES, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **WAL-MART STORES, INC.** business as Co-Respondent(s).

**3**. Complainant **Dimitri Montoya**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **July 27, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

-1-

*Complaint – CRD No. 202507-30455725*

Date Filed: July 25, 2025

CRD-ENF 80 RS (Revised 2025/02)

**Additional Complaint Details:** 1.    By way of background, Respondents employed Complainant in the position of Front-End Team Lead in or around October 27, 2016, to July 27, 2023. Complainant has ulcerative colitis, a medical condition that causes weakness and lack of focus from an inability to eat or drink, which Respondents were aware of.

2.    Throughout the course of his employment, Complainant did not receive uninterrupted rest breaks as required by law, missing most of them throughout the week due to the high demand of his position and fear of retaliation for taking breaks.

3.    Complainant was also subject to a hostile work environment, including harassment from female associates in his department. The harassment included stealing and hiding Complainant's work uniform and supplies, taking his military photo down from the wall highlighting service members, and making false accusations that Complainant "stood too close to them," subjecting him to a baseless HR investigation.

4.    The harassment culminated in or around April 6, 2023, when a gang-affiliated boyfriend of one of the associates, Jasmine Ferrera, threatened him at work. Despite reporting this to a supervisor, the Respondents' Ethics Department, and the police, no investigation was conducted and no subsequent action was taken. Subsequently, Complainant faced further harassment from the Store Manager, James [Last Name Unknown] (hereinafter, "James"), who mocked him by sneaking up behind him and pretending to be the gang member. Complainant also reported this incident to Ethics Department, but once again no action was taken.

5.    Towards the end of April 2023, Complainant transferred to a new department due to the incessant harassment with no resolution provided by the store. He requested training at another store due to continued harassment, but was denied by his supervisor, Helio Andrade (hereinafter "Andrade"), who found the request disrespectful despite past precedents of Respondents accommodating other employees' requests under similar circumstances.

6.    During this period, Complainant experienced a severe flare-up of his condition due to workplace stress, leading to significant weight loss, vomiting, and hospitalization. On or around June 22, 2023, Complainant filed a claim with Sedgwick Leave Management in order to take a medical leave. Because of his critical health condition and need for medical leave, Complainant had planned to take a full 90 days to recover, but was harassed by Andrade, to return to work early after only around 20 days, negatively impacting Complainant's recovery.

7.    On or around July 12, 2023 Complainant noticed his military service picture was once again removed from the wall which he reported to management but received dismissive responses.

8.    Shortly thereafter, on or around July 24, 2024, Complainant encountered a counterfeit bill but lacked proper training on how to handle it. Despite seeking guidance from available supervisors, he was terminated on July 27, 2023, for a supposed handling error related to this incident, which was in fact the responsibility of another supervisor, Mike [Last Name Unknown].

9.    On or around July 29, 2024, Complainant filed a complaint with ethics regarding his wrongful termination and harassment but was directed back to the Store Manager James, without resolution.

10.    As a result of Respondent's actions, Complainant has suffered a great deal of emotional distress.

-2-

*Complaint – CRD No. 202507-30455725*

Date Filed: July 25, 2025

VERIFICATION

I, **Jonathan Ebneyamin**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On July 25, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, CA**

-3-
*Complaint – CRD No. 202507-30455725*

Date Filed: July 25, 2025

CRD-ENF 80 RS (Revised 2025/02)

EXHIBIT 2



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 25, 2025


Jonathan Ebneyamin
300 W Glenoaks Blvd., Suite 300
Glendale, CA 91202

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202507-30455725
       Right to Sue: Montoya / WAL-MART ASSOCIATES, INC. et al.

Dear Jonathan Ebneyamin:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 25, 2025

RE:    **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202507-30455725
Right to Sue: Montoya / WAL-MART ASSOCIATES, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 25, 2025

Dimitri Montoya

,

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202507-30455725
Right to Sue: Montoya / WAL-MART ASSOCIATES, INC. et al.

Dear Dimitri Montoya:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 25, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file
your complaint with a local government agency that enforces employment anti-
discrimination laws if one exists in your area that is authorized to accept your
complaint. If you decide to file with a local agency, you must file before the
deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your
complaint with a local agency does not prevent you from also filing a lawsuit in
court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
S. Sean Shahabi (SBN 204710); Jonathan N. Ebneyamin (SBN 334983)
Jaurigue Law Group, 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202

TELEPHONE NO.: (818) 630-7280      FAX NO.: (888) 879-1697
EMAIL ADDRESS: service@jlglawyers.com, sean@jlglawyers.com; jebneyamin@jlglawyers.com
ATTORNEY FOR *(Name):* Dimitri Montoya

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California,
County of Tulare
07/25/2025
By: Leticia Hernandez-Sandoval,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Blvd.
MAILING ADDRESS: 221 S. Mooney Blvd.
CITY AND ZIP CODE: Visalia 93291
BRANCH NAME: Visalia County Civic Center

CASE NAME:
Montoya v. Wal-Mart Associates Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)    [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder    Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | VCU324208 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 25, 2025
Jonathan Ebneyamin, Esq.
_____
(TYPE OR PRINT NAME)
▶ *Jonathan Ebneyamin*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**CM-010**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
　*case involves an uninsured*
　*motorist claim subject to*
　*arbitration, check this item*
　*instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or*
　*toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) *(not civil*
　*harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer*
　　*or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
　*complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent*
　*domain, landlord/tenant, or*
　*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
　*drugs, check this item; otherwise,*
　*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner
　　Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex*
　*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic*
　*relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-*
　*harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 340936 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Guillermo F. Barrantes | | |

FIRM NAME: STALWART LAW GROUP, APC
STREET ADDRESS: 8752 Holloway Drive
CITY: West Hollywood    STATE: CA    ZIP CODE: 90069
TELEPHONE NO.: 310.954.2000    FAX NO.: 310.943.0303
E-MAIL ADDRESS: guillermo@stalwartlaw.com
ATTORNEY FOR (name): Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Miracle McKinney
Defendant/Respondent: Newton Patrol, Inc., et al.

| **REQUEST FOR** (Application) | [x] **Entry of Default** [ ] **Court Judgment** | [ ] **Clerk's Judgment** | CASE NUMBER: 25STCV16646 |
|---|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* June 9, 2025
   b. by *(name):* PLAINTIFF MIRACLE MCKINNEY
   c. [x] Enter default of defendant *(names):*
      NEWTON PATROL, INC.

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**                 Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . . . . . $          $          $
   b. Statement of damages*
      (1) Special . . . . . . . . . . . . . . . . . . $          $          $
      (2) General . . . . . . . . . . . . . . . . . . $          $          $
   c. Interest . . . . . . . . . . . . . . . . . . . . $          $          $
   d. Costs *(see reverse)* . . . . . . . . . . . . $          $          $
   e. Attorney fees . . . . . . . . . . . . . . . . . $          $          $
   f. **TOTALS** . . . . . . . . . . . . . . . . . . . . $          $          $
   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning *(date):*
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: August 1, 2025

Guillermo F. Barrantes
_____          ▶          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [ ] Default entered as requested on *(date):* | |
| | (2) [ ] Default NOT entered as requested *(state reason):* | |
| | Clerk, by _____, Deputy | **Page 1 of 2** |

Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

**CIV-100**

| | |
|---|---|
| Plaintiff/Petitioner: Miracle McKinney<br>Defendant/Respondent: Newton Patrol, Inc., et al. | CASE NUMBER:<br>25STCV16646 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone no.:

   d. County of registration:

   e. Registration no.:

   f. Expires on *(date)*:

5. ☐ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☐ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☐ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☐ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):* August 1, 2025

   (2) To *(specify names and addresses shown on the envelopes):*
   NEWTON PATROL, INC.             KAREEM KAMAL OMRAN
   9903 SANTA MONICA BLVD., #437   4401 BELLE TER, UNIT 46
   BEVERLY HILLS, CA 90212         BAKERSFIELD, CA 93309

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: August 1, 2025

Vickie Barker                                    ▶   *Vickie Barker*
_____                 _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . $

   b. Process server's fees . . . . . . . . . . . . . . . $

   c. Other *(specify):* $

   d. $

   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶
_____                 _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶
_____                 _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2020]           **REQUEST FOR ENTRY OF DEFAULT**           **Page 2 of 2**
                                          **(Application to Enter Default)**



# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF TULARE

**CIVIL LEGAL FILINGS**

www.tularesuperiorcourt.ca.gov

Telephone: (559) 730-5000 – Visalia

(559) 782-3700 – South County Justice Center

## **ALTERNATIVE DISPUTE RESOLUTION PACKAGE**

This is Tulare County Superior Court's Alternative Dispute Resolution (ADR) Package. The package contains:

1. The court's current ADR Referral List;

2. Tulare County Superior Court's Local Rule 600 on Case Management Conferences;

3. Information about ADR.

At the time a civil complaint is filed, the clerk will issue a hearing date and time for the Case Management Conference (CMC). This information is placed on the front page of the complaint. Plaintiff must serve notice of the CMC hearing and this ADR Package on each defendant with the summons and complaint.

**All parties appearing in the action are ordered to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time under Local Rule 600(a)(5).**

Each party must file and serve a CMC statement on Judicial Council form CM-110 no later than 15 calendar days before the CMC hearing under California Rules of Court, rule 3.725 and Local Rule 600(a)(6).

Counsel and unrepresented parties are required to be present, either in person or by CourtCall (See Local Rule 108 regarding CourtCall), at the CMC hearing and have authority to enter into a mediation agreement if the parties have agreed to mediate. Each party appearing shall also have sufficient information and understanding of the case in order to evaluate it accurately.

**Please be advised that monetary and/or terminating sanctions shall be imposed against parties and counsel who fail to comply with state and local rules regarding case management conferences without good cause.**

## CHAPTER 6 – MANAGING CIVIL CASES

Rule 600 – Case Management Conference

(a)  The Judicial Council has implemented state rules for the management of civil cases (Cal. Rules of Court, Chapter 2 Trial Court Management of Civil Cases, rules 10.900, et. Seq.).

In recognition of the state rules requiring the court to implement a case management Plan, the court elects to follow California Rules of Court, rule 3.714.

   (1)  At the time the complaint is filed, the clerk will issue a hearing date for the Case Management Conference (CMC) to plaintiff that is no less than 120 days after the filing of the complaint. The clerk will also provide the Plaintiff with the court's Alternative Dispute Resolution (ADR) package including the list of the names of the mediators who have applied and met the court's mediation/arbitration qualifications pursuant to the program adopted by the court under California Rules of Court, rule 10.781. Plaintiff must serve a Notice of CMC and the ADR package on each defendant along with the summons and complaint.

   (2)  Any party who files and serves a cross-complaint prior to the CMC must serve on each cross-defendant who is a new party to the action, a copy of the Notice of CMC and the ADR package along with the summons and cross-complaint. If a new cross-defendant is served after the initial CMC, the cross-complainant must serve the new cross-defendant with notice of any pending CMC, any assigned mediation date, trial, or settlement conference dates, and any other dates set by the court, or orders made at the CMC.

   (3)  If the plaintiff adds a new defendant or identifies a fictitiously named defendant after the initial CMC, along with the summons and complaint, plaintiff must serve the newly named defendant with notice of any pending CMC, any pending mediation date, any assigned trial and settlement conference dates, and any other dates set by the court, or orders made at the CMC.

   (4)  Proof of service of Notice of the CMC must be filed with the court within 60 days from the date the complaint is filed and may be included in the proof of service of the summons and complaint or cross-complaint.

   (5)  This court has found that mediation is highly desirable and orders the parties to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time. A list of mediators and their fees are provided by the court in its ADR package. The mediator must be agreed upon before the CMC and the mediation date and time cleared with the mediator so the court may enter the date in the court's minute order.

   (6)  Under California Rules of Court, rule 3.725, no later than 15 calendar days before the date set for the CMC, each party must file a CMC statement and serve it on all other parties in the case. Parties must use the mandatory CMC Statement (Judicial Council form CM-110). All applicable items on the form must be completed.

(7) In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

(b) Presence Required – Counsel and unrepresented parties are required to be present, either in person or by telephonic appearance pursuant to The Superior Court of Tulare County, Local Rules, rule 108, and must have: (1) sufficient information and understanding of the case to evaluate it accurately, and (2) sufficient authority to enter into binding agreements such as the diversion of the case to arbitration, including binding arbitration, the setting of a trial date and mandatory settlement conference date, the dismissal of doe defendants or other parties, and the setting of a further case management conference.

(c) Compliance – Failure to attend the case management conference will result in the court making whatever orders and imposing whatever sanctions as may be necessary and appropriate to obtain compliance with these rules, including but not limited to, a waiver of the right to a jury trial and a waiver of the right to object to a referral to arbitration or other alternate dispute resolution procedure.

(d) Waiver of Notice – When all parties are present at the case management conference and a trial date and settlement conference dates are agreed to by the parties or ordered by the court, such presence is an effective waiver of a separate or formal notice of settlement conference and trial date. (01/01/03) (Revised 01/01/07, 01/01/09) (07/01/11)

## Alternative Dispute Resolution

There are different processes available to settle lawsuits without having to go to trial.  The most common forms of ADR are Mediation, Arbitration, and Case Evaluation.  In ADR, a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves.  The persons are neutrals who are normally chosen by the disputing parties or by the court.  Neutrals can help parties resolve disputes without having to go to court.

## Advantages of ADR

- Often quicker than going to trial, a dispute may be resolved in a matter or days or weeks instead of months or years.

- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.

- Can permit more participation, allowing the parties the opportunity to tell their side of the story with more control over the outcome.

- Allows for flexibility in choice of ADR processes and resolution of the dispute.

- Fosters cooperation by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.

- Often less stressful than litigation.  Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.

Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process.

## The Most Common Types of ADR

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation normally leads to better relations between the parties and to lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings get in the way of a resolution. Mediation normally gives the parties a chance to freely express their positions. Mediation can be successful for victims seeking restitution from offenders. When there has been violence between the parties, a mediator can meet separately with the parties.

### Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their won resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

**There are Two Types of Arbitration in California**

1. **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable result at trial, the party may have to pay a penalty.

**\*\* A Current list of approved mediators is provided on pages 6 – 8. \*\***

| ADR REFERRAL LIST<br>May 7, 2025 | | |
|---|---|---|
| **NAME** | **HOURLY RATE** | **PROFILE INFORMATION** |
| Honorable Howard R. Broadman (Ret.)<br>300 N. Willis<br>Visalia, CA. 93291<br>Phone: (559) 738-1800<br>Fax: (559) 738-1102<br>Email:<br>judgebroadman@judgebroadman.com | Half Day: $3,500<br>Full Day: $7,500<br><br>For full fee schedule go to<br>judgebroadman.com | Click Here<br><br>Resume on file |
| John S. Burton<br>P.O. Box 27455<br>Fresno, CA 93729<br>Phone: (559) 840-2693<br>Cell: (831) 334-1367<br>Email: jburton@johnsburton.com | $450 per hour | Click Here<br><br>Resume on File |
| Russell D. Cook<br>1233 West Shaw, Suite 100<br>Fresno, CA 93711<br>Phone: (559) 225-2510<br>Fax: (559) 229-3941<br>Email: rdcook@rdcooklaw.com | Half Day: $2,000<br>Full Day: $4,000<br><br>Hourly Rate: $500 | Click Here<br><br>Resume on file |
| Thomas Feher<br>8500 Stockdale Hwy, Ste. 195<br>Bakersfield, CA 93311<br>Phone: 661-809-5605<br>tfeher@fehermediation.com<br>www.fehermediation.com | Fee Schedule see website:<br>https://www.fehermediation.com | Click Here<br><br>Resume on file |
| M. Troy Hazelton<br>3585 W. Beechwood Ave, Suite 101<br>Fresno, CA 93711<br>Phone: (559) 431-1300<br>Fax: (559) 431-1442<br>Email: Thazelton@pgllp.com<br>Website: www.troyhazelton.com | $415 per hour<br><br>Fees are divided among the<br>parties unless advised otherwise. | Click Here<br><br>Resume on file |
| Lee M. Jacobson<br>246 W. Shaw Avenue, Suite 237<br>Fresno, CA 93711<br>Phone: (559) 448-0400<br>Fax: (559) 448-0123<br>Email:<br>lmj@jacobsondisputeresolution.com | Half Day: $3,500<br>Full Day: $6,000 | Click Here<br><br>Resume on file |

| | | |
|---|---|---|
| Kevin G. Little<br>1225 E Divisadero St<br>Fresno, CA 93720<br>Phone:  (559) 342-5800<br>Fax:  (559) 242-2400<br>Email: kevinglittle@yahoo.com | Half Day: $2,000<br>Full Day: $4,000 | Click Here<br><br>Resume on file |
| Douglas E Noll<br>P.O. Box 2336<br>Clovis, CA. 93613<br>Phone: (559) 903-2011<br>Email: doug@nollassociates.com | $2,500 per party, per day | Click Here<br><br>Resume on file |
| Honorable Patrick J. O'Hara (Ret.)<br>300 N. Willis<br>Visalia, CA.  93291<br>Phone:  (559) 429-4570<br>Fax:  (559) 429-4575<br>Email:  judgeohara@judgeohara.com<br>Website: www.judgeohara.com | See website | Click Here<br><br>Resume on file |
| Honorable Robert. H. Oliver (Ret.)<br>5260 N. Palm Ave, Suite 201<br>Fresno, CA 93704<br>Phone:  (559)432-5400 /(559)313-6285<br>Fax:  (559) 432-5620<br>Email: roliver@bakermanock.com | Half Day: $3,000<br>Full Day: $5,000<br><br>$500 per additional hour | Click Here<br><br>Resume on file |
| James M. Phillips<br>1099 East Champlain Dr, Suite A,<br>PMB 116<br>Fresno, CA 93720<br>Phone:  (559) 261-9340<br>Fax:  (888) 974-4321<br>Email:  phillipsgp@aol.com | Half Day: $2,500 per side<br>Full Day: $4,000 per side<br><br>$650 per additional hour | Click Here<br><br>Resume on file |
| Michael Renberg<br>5088 N Fruit Ave., #101<br>Fresno, CA  93711<br>Phone: (559) 431-6300<br>Email:  mrenberg@prcelaw.com | $350 per hour | Click Here<br><br>Resume on file |
| Laurie Quigley Saldana<br>791 Price Street. #323<br>Pismo Beach, CA.  93449<br>Phone:  (559) 730-1812<br>Email:  laurie@mediationcentral.net | Half Day: $5,000 per side<br>Full Day: $10,000 per side<br><br>$750 per additional hour | Click Here<br><br>Resume on file |

| | | |
|---|---|---|
| Andrew R. Weiss<br>122 Naomi Ave<br>Shell Beach, CA 93449<br>Phone: (805) 709-0304<br>Email:  arweiss03@gmail.com | $475.00 per hour | Click Here<br><br>Resume on file |

Exhibit 2

Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
WAL-MART ASSOCIATES, INC., and
WALMART INC. (f/k/a Wal-Mart Stores, Inc.)

ELECTRONICALLY FILED
Superior Court of California,
County of Tulare
08/28/2025
By: Charisma Hughes,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF TULARE

| | |
|---|---|
| DIMITRI MONTOYA,<br><br>                     Plaintiff,<br><br>        vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>                     Defendants. | CASE NO: VCU324208<br>*Assigned for all purposes to the*<br>*Honorable Gary M. Johnson, Dept. 7*<br><br>**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>**DEMAND FOR JURY**<br><br>Complaint Filed: July 25, 2025<br>Trial Date:      None Set |

Defendants WAL-MART ASSOCIATES, INC., and WALMART INC.[1] (collectively "Defendants") hereby answer the unverified Complaint ("Complaint") filed by Plaintiff DIMITRI MONTOYA ("Plaintiff"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint, and further deny that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants.  Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

### THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

---

[1] Wal-Mart Stores, Inc., changed its name to Walmart Inc., effective February 1, 2018.

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1

## FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendants took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendants were made aware of Plaintiff's Complaints.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was a business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendants lacked knowledge that Plaintiff was allegedly retaliated against.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants are informed and believe, and thereon allege, that Plaintiff expressly or implicitly consented to the alleged conduct complained of and is therefore precluded from recovering any damages.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

///

///

///

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1

## TENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

To the extent that Plaintiff claims to have suffered any symptoms of mental or emotional distress or injury, Defendants allege on information and belief that such symptoms or injuries were the result of one or more pre-existing psychological or medical disorders or conditions, or alternative concurrent causes, and not the proximate result of any act or omission of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were justified by its good faith but mistaken belief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendants' agents or employees were outside the course and scope of their authority and such acts, if any, were not

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1

authorized, ratified, or condoned by Defendants nor did Defendants know nor should have known of such acts.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendants' alleged actions were based on a legitimate nondiscriminatory reason.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Penalty)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to any penalty, including but not limited to, penalties awarded under California Labor Code sections 98.6, 210, 226.3, 226.7, 558, 1102.5 and 1174.5. and IWC Order No. 12-2000, because, at all relevant times, Defendants did not willfully fail to comply with the compensation provisions of California law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendants are not liable to Plaintiff for punitive damages because neither Defendants nor any of their officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendants pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

1    ## TWENTIETH AFFIRMATIVE DEFENSE

2    ### (Not a Substantial Motivating Reason)

3    The Complaint, and each and every cause of action alleged therein, is barred as Defendants'

4    alleged actions were not a substantial motivating reason for the alleged adverse employment action.

5    ## TWENTY-FIRST AFFIRMATIVE DEFENSE

6    ### (Plaintiff is Not a Qualified Individual with a Disability)

7    The Complaint and each purported cause of action therein are barred, in whole or in part, to

8    the extent that Plaintiff is not a qualified individual with a disability within the meaning of the

9    California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

10    ## TWENTY-SECOND AFFIRMATIVE DEFENSE

11    ### (Same Decision Limits Remedies)

12    The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff

13    would have been terminated for non-discriminatory reasons based on legitimate business reasons.

14    ## TWENTY-THIRD AFFIRMATIVE DEFENSE

15    ### (Labor Code §2922 – Employment At-Will)

16    Plaintiff was at all times employed at-will and Plaintiff's employment could be terminated

17    for any or no reason.

18    ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

19    ### (Statute of Limitations)

20    The Complaint, and each and every cause of action alleged therein, is barred by the

21    applicable statute of limitations, including, but not limited to, Government Code sections 12960 and

22    12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

23    ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

24    ### (Unclean Hands)

25    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine

26    of unclean hands.

27    ///

28    ///

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Timely Payment of Wages)

3

Plaintiff was paid all wages due on a timely basis.

4

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5

### (No Waiting Time Penalties)

6

Plaintiff's claims for waiting time penalties pursuant to California Labor Code section 203

7 are barred because Defendants did not willfully withhold wages over which there was no good faith

8 dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as

9 required by law.

10

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

11

### (Good Faith and Reasonable Belief of Lawfully Compensating Plaintiff)

12

At all times Defendants acted in good faith and had reasonable grounds for believing that

13 the method of compensating Plaintiff was lawful.

14

## TWENTY-NINTH AFFIRMATIVE DEFENSE

15

### (Good Faith and Reasonable Belief Compliance with Labor Code)

16

At all times Defendants acted in good faith and had reasonable grounds for believing that

17 their acts and/or omissions, including with regard to compensation, provision of rest periods, and

18 furnishing of wage statements to Plaintiff, were in full compliance with the law, and were not

19 violations of any provision of the Labor Code relating to minimum wage, or of an order of the

20 California Industrial Welfare Commission.

21

## THIRTIETH AFFIRMATIVE DEFENSE

22

### (No Liability for Non-Compliance with Rest Period Policies)

23

Defendants are not liable for wage premiums or penalties related to missed, skipped, short,

24 interrupted, incomplete, or untimely rest periods because any such instances were a result of

25 Plaintiff's own decisions and/or his failure to follow Defendants' lawful policies and/or instructions

26 with regard to such rest periods.

27 ///

28 ///

FP 56402491.1

1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

2

### (No Knowledge of Non-Compliance with Rest Period Policies)

3      Defendants are not liable for wage premiums or penalties related to missed, skipped, short,

4  interrupted, incomplete, or untimely rest periods because Defendants had no actual or constructive

5  knowledge of such instances.

6

## THIRTY-SECOND AFFIRMATIVE DEFENSE

7

### (Plaintiff Was Authorized and Permitted to Take Rest Breaks)

8      Plaintiff is barred from collecting a rest and or meal period premium because Defendants, in

9  fact, authorized and permitted Plaintiff to take rest breaks in accordance with the applicable

10  Industrial Welfare Commission Wage Order.

11

## THIRTY-THIRD AFFIRMATIVE DEFENSE

12

### (Unconstitutionality of Penalties)

13      The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff

14  is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under

15  California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000,

16  and any award of such penalties or damages would, in general or under the facts of Plaintiff's

17  particular claims, violate Defendants' constitutional rights under the provisions of the United States

18  and California Constitutions.

19

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

20

### (Waiver)

21      The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's

22  waiver.

23

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

24

### (Workers' Compensation)

25      The Complaint, and each and every cause of action alleged therein, is preempted by the

26  Workers' Compensation Act.

27  ///

28  ///

8

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1

1

## RESERVATION OF RIGHTS

2        Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure

3   to particularize Plaintiff's claims, due to the fact that Defendants do not have copies of certain

4   documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific

5   information concerning the nature of the damage claims and claims for certain costs which Plaintiff

6   alleges that Defendants may share some responsibility. Defendants therefore reserve the right to

7   assert additional defenses upon further particularization of Plaintiff's claims, upon examination of

8   the documents provided, upon discovery of further information concerning the alleged damage

9   claims and claims for costs, and upon the development of other pertinent information.

10

11

## PRAYER FOR RELIEF

12        WHEREFORE, Defendants pray for judgment as follows:

13        1.        That Plaintiff takes nothing by way of the Complaint;

14        2.        That judgment be entered against Plaintiff and in favor of Defendants on all causes

15                of action;

16        3.        That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

17        4.        That Defendants be awarded such other and further relief as the Court may deem just

18                and proper.

19

## DEMAND FOR JURY TRIAL

20        Defendants hereby demand a trial by jury in the above-entitled matter.

21

22   DATED:  August 28, 2025                        FISHER & PHILLIPS LLP

23

24                                                _____
                                                Jason A. Geller
25                                                Juan C. Araneda
                                                Attorneys for Defendants
26                                                WAL-MART ASSOCIATES, INC., and
                                                WALMART INC.

27

28

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1

1

**PROOF OF SERVICE
(CCP §§1013(a) and 2015.5)**

2

3          I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in
the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address
is One Montgomery Street, Suite 3400, San Francisco, California 94104.

4

5          On August 28, 2025, I served the following document(s) **DEFENDANTS WAL-MART
ASSOCIATES, INC. AND WALMART INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true
copy* thereof enclosed in sealed envelope(s) addressed as follows:

6

7   S. Sean Shahabi                          ***Counsel for Plaintiff DIMITRI MONTOYA***
    Jonathan N. Ebneyamin

8   JAURIGUE LAW GROUP              T:     (818) 630-7280
    300 West Glenoaks Blvd., Ste 300     F:     (888) 879-1697

9   Glendale, California 91202            E:     service@jlglawyers.com
                                                 sean@jlglawyers.com

10                                               jebneyamin@jlglawyers.com

11  ☐    **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the
         person(s) whose address(es) are listed above and placed the envelope for collection and

12       mailing, following our ordinary business practices.  I am readily familiar with this business's
         practice for collecting and processing correspondence for mailing.  On the same day that

13       correspondence is placed for collection and mailing, it is deposited in the ordinary course of
         business with the United States Postal Service in San Francisco California, in a sealed

14       envelope with postage fully prepaid.

    ☒    **[by EMAIL]** - I certify that on the date below, I served the above listed document(s) via
15       electronic mail to the listed recipient(s) email address(es) and such transmission was sent
         from the following sender: yhernandez@fisherphillips.com.  I did not receive any electronic

16       message or other indication that the transmission was unsuccessful.

17  ☐    **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package
         provided by an overnight delivery carrier and addressed to the person(s) at the address(es)

18       listed above.  I placed the envelope or package for collection and overnight delivery at an
         office or a regularly utilized drop box of the overnight carrier.

19  ☒    **[by ELECTRONIC SERVICE]** - I electronically served the document(s) by transmitting
         a true and correct copy of the document(s) in .pdf format to the person(s) at the electronic

20       service address(es) listed above, which is/are the last known email address(es) provided.
         The transmission was made by either email or through an Electronic Service Provider. A copy of

21       the completed transmittal will be maintained with the original document(s) in my office.
         (Cal. Rules of Ct., Rule 2.251(c)(3))

22

23          I declare under penalty of perjury, under the laws of the State of California, that the foregoing
    is true and correct.  Executed August 28, 2025, at San Francisco, California.

24

25  _____          By: _____
         Yorleny Hernandez
              Print Name                                  Signature

26  15864.4056

27

28

DEFENDANTS WAL-MART ASSOCIATES, INC., AND WALMART INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

FP 56402491.1